UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CELIA NOHEMI MERLOS DE MENDEZ,<br><br>                                  Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LaROSE; PAMELA BONDI; KRISTI NOEM; and PATRICK DIVVER,<br><br>                                  Respondents. | Case No.: 3:25-cv-2941-JES-MSB<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>**[ECF No. 1]** |

Before the Court is Petitioner Celia Nohemi Merlos de Mendez's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Pursuant to the Court's order to show cause, Respondents filed a return to the petition and Petitioner filed a traverse. ECF Nos. 4, 6. For the reasons set forth below, the Court **GRANTS** the petition.

## I.    BACKGROUND

Petitioner, a native of El Salvador, entered the United States in September of 2024 at the Paso Del Norte Port of Entry in El Paso, Texas. ECF No. 1 ¶ 21. She applied for admission to the United States via the CBP-one application. ECF No. 4 at 2. At the time

she entered, she did not have a valid entry document, and so was issued a Notice to Appear ("NTA") and placed into removal proceedings, which are still pending. ECF No. 1 ¶ 23; ECF No. 4 at 2. She was then paroled into this country on her own recognizance. *Id.*

Since, Petitioner obtained employment authorization and worked as a house cleaner. ECF No. 1 ¶ 28. In May 2025, she moved to San Diego, and her immigration removal case was moved to San Diego Immigration Court. *Id.* ¶ 29. Petitioner appeared on August 25, 2025, for a master calendar hearing in immigration court and was detained after she left the hearing. *Id.* ¶ 31. She is currently being held at the Otay Mesa Detention Center. *Id.* She has since filed a motion for a custody redetermination seeking a bond allowing her to be released from detention, but her motion was denied on September 8, 2025, on the ground that she is subject to mandatory detention as an "arriving alien." *Id.* ¶ 32.

Petitioner alleges three causes of action in her complaint: (1) that her detention should be under 8 U.S.C. § 1226 rather than 8 U.S.C. § 1225, and her continued detention without a bond hearing and decision on the merits violates the Immigration and Nationality Act ("INA"); (2) the same bond issue violates the Administrative Procedure Act ("APA"); and (3) her re-detention in August 2025 without explanation, notice, hearing, or changed circumstances violates Due Process. *Id.* ¶¶ 33-46.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas

jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III.    DISCUSSION

In Respondents' return to the petition, they raise several issues: (1) Petitioner's claim and requested relief is jurisidictionally barred by 8 U.S.C. § 1252; (2) alternatively, if not barred, Petitioner must exhaust administrative remedies; (3) Petitioner is lawfully detained under § 1225; and (4) Respondents had authority to detain her following her release on parole. ECF No. 4.

### A.    Jurisdiction and Administrative Exhaustion

The arguments with regards to jurisdiction and administrative exhaustion are identical to those recently addressed by the undersigned in *Martinez Lopez v. Noem et al.*, No: 25-cv-2717-JES-AHG, 2025 WL 3030457, at *2-3 (S.D. Cal. Oct. 30, 2025). The Court adopts it reasoning as to these issues and incorporates it by reference. *See also Beltran et al. v. Noem et al.*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *3-4 (S.D. Cal. Nov. 4, 2025) (holding same).

Accordingly, the Court finds that the jurisdiction stripping provisions of 8 U.S.C. § 1252 do not strip it of jurisdiction to hear Petitioner's claims and that any further administrative exhaustion requirements are waived in light of *Matter of Yajure Hurtado*.

### B.    Section 1225 vs. 1226

Respondents argue that Petitioner is detained pursuant to 8 U.S.C. § 1225's mandatory detention versus § 1226's discretionary detention. Specifically, Respondents argue that Petitioner is "an applicant for admission" as contemplated under § 1225. ECF No. 4 at 10-14.

The issue presented in this case has been addressed by several district courts in this Circuit and across the nation recently. The crux of the difference in interpretation is that Respondents argue that § 1225 applies to noncitizens who are physically in the United States already, not limited to when they are at the border seeking admission, as long as the noncitizen is in removal proceedings or otherwise still seeking admission to legally remain

in the country. Petitioners, on the other hand, argue that § 1225 should be limited to situations where the noncitizen is "arriving" and subject to inspection, and those that are already physically present in the country when they are detained are instead detained under § 1226. This Court, along with many others, has held that it is § 1226 that applies to noncitizens that have be detained when after residing in the United States for a period of time. *See Martinez Lopez*, 2025 WL 3030457, at \*4-5 (explaining reasoning and citing cases); *Beltran*, 2025 WL 3078837, at \*4-7 (same). The Court adopts its prior reasoning here.

Specifically, courts have applied this reasoning to a situation like Petitioner's—there is no dispute that she was paroled into the United States at the border in September 2024 and had lived in the United States since that date before she was re-detained. *See Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at \*8 (N.D. Cal. Sept. 12, 2025) (holding § 1226 applies to petitioner who was paroled into the country on her own recognizance in June 2024 and re-detained in August 2025); *Sampiao v. Hyde*, No. 1:25-CV-11981-JEK, 2025 WL 2607924, at \*8 (D. Mass. Sept. 9, 2025) (holding § 1226 applies to petitioner who was released at border on own recognizance in October 2021 and re-detained in July 2025); *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at \*9 (S.D.N.Y. Aug. 13, 2025) (holding § 1226 applies to petitioner who was released at border on his own recognizance in May 2023 and re-detained in July 2025).

Accordingly, the Court holds that 8 U.S.C. § 1226(a), not 8 U.S.C. § 1225(b), applies to Petitioner, and Petitioner is entitled to an individualized bond hearing by an IJ, who may not deny bond on the basis that 8 U.S.C. § 1225(b) governs Petitioner's detention.

### C.   Procedural Due Process

Finally, Petitioner also argues that her re-detention violates the Due Process clause because she was not given any notice and an opportunity to be heard. The Court interprets this to be a procedural due process argument—in other words, Petitioner is not necessarily challenging the ultimate decision as to whether her parole could have been revoked in

3:25-cv-2941-JES-MSB

August 2025, but that the government did not follow the safeguards provided by procedural due process in doing so. The government does not meaningfully address the procedural due process issue in its Return, rather framing Petitioner's position that ICE cannot revoke parole once granted without an order from the court. *See* ECF No. 4 at 16.

The Court agrees with Petitioner that once granted parole, such parole cannot be revoked without following what is required by procedural due process. The Court recently addressed this issue in *Sanchez v. LaRose*, No. 25-CV-2396-JES-MMP, 2025 WL 2770629 (S.D. Cal. Sept. 26, 2025). Similar to Petitioner in this case, the *Sanchez* petitioner was also granted parole into the country after she made an asylum claim at the border. *Id.* at *1. The Court held that "[a]n alien's opportunity to be heard regarding the revocation of her parole is only meaningful if the government comports with its own internal standards regarding parole revocation." *Id.* at *3. At a minimum, that would require a sufficient notice and meaningful opportunity to be heard. *Id.* at *4. The Court adopts its full reasoning from *Sanchez* here.

In Petitioner's case, Respondents include in their Return a Warrant for Arrest (ECF No. 4, Ex. 3), but provide no documentation that Petitioner received a notice of any kind regarding the reasoning for her re-detention (either before, at the time of, or after her detention) or that she was provided an opportunity to be heard. Thus, the Court finds that Respondents' revocation of Petitioner's parole was in violation of the Due Process Clause.

## IV.  CONCLUSION

For the reasons discussed above, the Court **GRANTS** Petitioner's writ of habeas corpus. Because the Court grants the petition on the Due Process ground raised in Count 3 of the Petition and concludes that Respondents' revocation of Petitioner's parole to violate procedural due process, Respondents are **ORDERED** to immediately release Petitioner from custody, subject to the conditions of her preexisting parole.

//

//

//

3:25-cv-2941-JES-MSB

The Parties are **ORDERED** to file a Joint Status Report no later than **5:00 p.m.** on **November 21, 2025**, confirming that the Petitioner has been released. The Clerk of Court is **ORDERED** to **CLOSE** this case.

   **IT IS SO ORDERED.**

Dated: November 18, 2025

Honorable James E. Simmons Jr.
United States District Judge